## COMMONWEALTH *vs.* BRIDGET THORNTON.

On the trial of a complaint for an unlawful sale of intoxicating liquors " to a certain person whose name is to the complainant unknown," the judge ruled that the burden was upon the Commonwealth to prove that the alleged sale was to a person whose name was unknown to the complainant; that this might be proved by the person to whom the sale was made; and that it would be presumed, there being no evidence to the contrary, that that person or his name was unknown to the complainant; but that if this presumption was rebutted or overcome by evidence introduced by either party, the defendant was entitled to a verdict. *Held*, that he had no ground of exception.

COMPLAINT for an unlawful sale of intoxicating liquor " to a certain person whose name is to the complainant unknown." Trial in Middlesex at October term 1858, before *Aiken*, J., who signed this bill of exceptions :

" A witness, not the complainant, was introduced, who testified to a sale made to him before the date of the complaint.

4 *

He was asked by the district attorney, if he knew the complainant; he answered that he knew him by sight, but had never spoken with him. On this evidence the government relied for a conviction. The defendant asked the judge to rule that it was necessary for the government to show, by some affirmative evidence, that at the time the complaint was made, the witness was unknown to the complainant, and that this fact could not be shown by the witness himself. But the court refused so to rule; and instructed the jury, that the burden was upon the government throughout to prove the case beyond a reasonable doubt; that the burden was on the government to prove that the alleged sale was to a person whose name was unknown to the complainant; that it was competent for the government to prove this by the witness other than the complainant; that the charge being of a sale to a person unknown to the complainant, it would be presumed, there being no evidence to the contrary, that the person to whom the sale was made, or his name, was unknown to the complainant; but that this presumption might be rebutted by evidence, and that if such presumption was rebutted or overcome by any evidence put in the case by either party, they should return a verdict for the defendant. To which rulings the defendant, being found guilty, excepts."

*F. F. Heard,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. The law allows an offence to be charged as committed upon the property of a person unknown; or in the case of an illegal sale of spirituous liquors, a sale may be alleged to a person unknown. But in such case, if upon the trial it appears that the name of such person was really known to the grand jury, or the complainant, if the case was originally tried on a complaint before a justice of the peace, the defendant should be discharged, subject to be tried on a new indictment adapted to the case. But the fact, that the name of the person was in fact known, must appear from the evidence in the case. It is immaterial whether it so appears from the evidence offered by the government, or that offered by the defendant. But there being no evidence to the contrary, the objection that the party

was not unknown does not arise. Though we do not adopt the precise form of disposing of this question, that was taken by the presiding judge, as to a presumption arising from the allegation in the complaint, we are of opinion that, upon the case as stated, the ruling was sufficiently favorable to the defendant.

*Exceptions overruled.*